UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

VITALIFE INC.,

Plaintiff,

v.

KELLER MEDICAL, INC., et al.,

Defendants.

Civil No. 20-1490 (GAG)

### OPINION & ORDER

Pending before the Court is Vitalife Inc. ("Vitalife" or "Plaintiff")'s motion to remand the instant suit and request for jurisdictional discovery. (Docket No. 24). Keller Medical, Inc. ("Keller Medical"), Allergan PLC ("Allergan Limited"),[1] Allergan Sales, LLC ("Allergan Sales"), and Allergan Sales Puerto Rico ("Allergan Sales P.R.") (collectively, "Defendants") opposed and also submitted evidentiary objections. (Docket Nos. 37; 38). With leave of Court, Plaintiff replied and Defendants sur-replied. (Docket Nos. 54; 58).

I.  **Factual and Procedural Background**

On December 31, 2019, Vitalife filed a suit before the Commonwealth of Puerto Rico's Court of First Instance in San Juan and an amended complaint was filed on August 19, 2020. (Docket Nos. 1 ¶ 1; 1-1; 1-2; 24 at 6). Vitalife alleges that Defendants breached an exclusive distribution agreement of Defendants' medical products in violation of Law 75 of 1964, P.R. LAWS ANN. tit. 10, §§ 278 *et seq.* ("Law 75"). (Docket No. 1-1 ¶ 1). As such, Vitalife seeks an injunction pursuant to Law 75 petitioning the Court to enjoin Defendants from further interfering Vitalife's

---

[1] The Court notes that following a merger with AbbVie, Inc., Defendant Allergan PLC is now known as Allergan Limited. (Docket Nos. 1 at n. 1; 37-1 ¶ 3).

**Civil No. 20-1490 (GAG)**

exclusive distribution rights as well as damages. Id. Vitalife also alleges that Defendants' breach of their exclusive distribution agreement infringed upon the general principles of the Commonwealth's Civil Code, which imposes an affirmative obligation to fulfill contractual duties in good faith. (Docket No. 1-1 ¶ 1). In said regard, Vitalife also requests an injunction, damages, and a declaratory judgment nullifying contractual provisions. Id. On September 21, 2020, Defendants timely removed the suit pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket No. 1 ¶ 2).

**II.    Applicable Law and Discussion**

Plaintiff contends that this action should be remanded because the Court does not have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). (Docket No. 24 at 1-2, 7-8).

"Federal courts have subject-matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are 'citizens of different states.'" Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (quoting 28 U.S.C. § 1332(a)(1)).[2] Diversity must be complete—"the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)); see also Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between all plaintiffs and all defendants). It is well established that diversity of citizenship is measured by the "facts that existed at the time of filing . . . ." Bearbones, Inc. v. Peerless Indemnity Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019).

---

[2] The First Circuit has ruled that for the purpose of section 1332, Puerto Rico is considered a "State." See Aponte-Dávila, 828 F.3d at 46, n. 2 (citing 28 U.S.C. § 1332(e)); see also Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).

**Civil No. 20-1490 (GAG)**

A corporation is a citizen of every State and foreign state where it has been incorporated and has its principal place of business. See 18 U.S.C. § 1332(c)(1); see also Versatech, Inc. v. Florida Caribbean Distillers, LLC, Civil No. 19-1916 (GAG), 2020 WL 7786923, at *2 (D.P.R. Dec. 30, 2020). To identify a corporation's principal place of business, the Court uses the "nerve center" test. See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). A corporation's nerve center is the particular location from which its officers direct, control, and coordinate the corporation's activities. Id. "Generally speaking, this will 'be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).'" Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (quoting Hertz Corp., 559 U.S. at 93).

"The party seeking to establish diversity jurisdiction bears the burden of persuasion . . . ." Id. When challenged on jurisdictional allegations, "the parties must support their allegations by competent proof." Condado 2 CLF, LLC v. R.R. Enterprises, S.E., Civil No. 17-1994 (GAG), 2018 WL 2094371, at *1 (D.P.R. May 4, 2018) (quoting Hertz Corp., 559 U.S. at 96-97). Basic corporate filings —a Form 10-K for example— are not, on their own, sufficient to provide the necessary support. Condado 2 CLF, LLC, 2018 WL 2094371, at *1 (citing Hertz Corp., 559 U.S. at 97). Notably, "[n]o presumption of truthfulness attaches to the allegations." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991) (citation omitted).

The Supreme Court has cautioned that courts must be watchful for instances of "jurisdictional manipulation." Hertz Corp., 559 U.S. at 97. "Indeed, if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should

instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." Id. "Where there is inadequate evidence adduced to establish the location of a corporation's principal place of business at the time the complaint was filed, there are insufficient facts to support diversity jurisdiction." Media Duplication Servs., Ltd, 928 F.2d at 1236 (citation omitted).

Plaintiff's amended complaint alleges that it is a corporation organized under the laws of the Commonwealth of Puerto Rico and has its principal place of business in San Juan, Puerto Rico. (Docket No. 1-1 ¶ 2). Therefore, based on the allegations in the amended complaint, Vitalife is a citizen of Puerto Rico. 28 U.S.C. § 1332(c)(1); Hertz, 559 U.S. at 92-93.

Plaintiff contends that complete diversity does not exist between Defendants and itself. (Docket No. 24 at 1-2, 7-8). Specifically, Plaintiff argues that Allergan Sales P.R.'s principal place of business is Guaynabo, Puerto Rico.[3] Id. To support this argument, Plaintiff refers to Allergan Sales P.R.'s own website and commercial yellow-pages websites indicating that Allergan Sales P.R.'s main offices are located in Guaynabo, Puerto Rico. (Docket Nos. 24 at 7; 24-1; 24-2).

Wherever Defendants' principal place of business exists, Defendants should be able to present evidence showing details about the location of managers and corporate personnel in charge of daily operations, directors' meetings, bank accounts, where major policy decisions are made, as well as the operations themselves. See Media Duplication Servs., Ltd, 928 F.2d at 1237 ("[W]hen a corporation is called upon to establish its own citizenship—particularly . . . a corporate plaintiff which has chosen to initiate the litigation under the federal courts' diversity jurisdiction—the imposition is hardly overwhelming.").

---

[3] Plaintiff does not contest that the other Defendants share the same citizenship.

**Civil No. 20-1490 (GAG)**

Defendants contend complete diversity does exist because Allergan Sales P.R. is actually incorporated in California and has its principal place of business in Irvine, California. (Docket No. 37 at 2, 5-8). In support, Defendants provide the declaration under penalty of perjury of Christine J. Garber—eDiscovery Manager for Defendants—who attests that California is both the state of incorporation and the principal place of business of Allergan Sales P.R. (Docket No. 37-1). In addition, Defendants submit documents from the California Secretary of State indicating that Allergan Sales P.R. has been incorporated in California since 1984 and has its principal place of business in Irvine, California. (Docket No. 37-2). The documents from the California Secretary of State are standard corporate filings and are insufficient on their own to be considered "competent proof" of Allergan Sales P.R.'s principal place of business. Hertz Corp., 559 U.S. at 96-97.

However, alongside Ms. Garber's declaration, Defendants have proffered sufficient competent proof that diversity between all Defendants and Plaintiff exists. Ms. Garber's declaration offers great details as to Allergan Sales P.R.'s business activities. (Docket No. 37-1). As an employee of Defendants for thirty years and by virtue of her position as eDiscovery Manager maintaining corporate records, Ms. Garber has personal knowledge of Allergan Sales P.R.'s citizenship. Id. ¶ 1. The documents from the California Secretary of State as well as Ms. Garber's statements show that Allergan Sales P.R.'s principal place of business has been Irvine, California, for decades. Id. ¶¶ 2-3. Ms. Garber notes that all corporate management work for Allergan Sales P.R. takes place at the Allergan campus in Irvine, California, which falls under the large umbrella of Allergan businesses. Id. ¶ 4. The staff handling the work for Allergan Sales P.R. at Irvine, California, is part of a larger workforce of around 2,000 employees and they are responsible for finance, product development, legal, administration, human resources, and company management.

**Civil No. 20-1490 (GAG)**

Id. From here, Allergan Sales P.R. sells products not only to Puerto Rico but also to other Caribbean islands. Id. ¶ 5. Thus, based on Defendants' filings, Allergan Sales P.R. is a citizen of California.

### III. Conclusion

Since Vitalife is a citizen of the Commonwealth of Puerto Rico and none of the Defendants share a Commonwealth citizenship, the Court has original jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As a result, the Court hereby **DENIES** Plaintiff's motion to remand and request for jurisdictional discovery at Docket No. 24.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of February 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge